DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOREEN GOODEN** and **WINSETT BROWN,**
Appellants,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D20-2760

[March 30, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE20-012874.

Samuel Alexander of Alexander Appellate Law P.A., DeLand, for appellants.

Joshua S. Beck of Beck Law, P.A., Boca Raton, and Brett R. Frankel, Jonathan Sabghir, and Robert B. Gertzman of People's Trust Insurance Company, Deerfield Beach, for appellee.

KUNTZ, J.

Doreen Gooden and Winsett Brown filed a complaint against their insurer, People's Trust Insurance Company, alleging bad faith under section 624.155, Florida Statutes (2018). The circuit court granted People's Trust's motion to dismiss, concluding Gooden's civil remedy notice failed to meet section 624.155's specificity requirements. We reverse.

Gooden alleged that People's Trust acted in bad faith by violating nine provisions of sections 624.155 and 626.9541, Florida Statutes (2018). To cure, Gooden stated that People's Trust must "tender all insurance proceeds owed to [her], as set forth in the Appraisal Award, for damages to [her] home, including interest, for the loss described herein." People's Trust responded to Gooden's demand, raising multiple issues and defenses. Because People's Trust did not cure in the manner demanded, Gooden filed suit. But citing *Julien v. United Property & Casualty Insurance Co.,* 311 So. 3d 875 (Fla. 4th DCA 2021), the circuit court

dismissed the suit for failure to meet section 624.155's specificity requirements.

In *Julien*, the civil remedy notice "listed nearly all policy sections and cited thirty-five statutory provisions." 311 So. 3d at 879. Gooden's civil remedy notice cited nine statutory provisions and a single policy provision, listing only the statutory and policy provisions relevant to his allegations. While People's Trust raises multiple arguments in opposition to the merits of Gooden's bad-faith claim, those arguments are best left for consideration on a motion for summary judgment. Those arguments do not support dismissing Gooden's claim for failure to satisfy section 624.155's specificity requirements.

Gooden's notice facially satisfied section 624.155's specificity requirements. So the circuit court's order dismissing Gooden's complaint for failing to do so is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

CONNER, C.J., and FORST, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2